IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JONATHAN D. MORRISON                                              PLAINTIFF

V.                                    NO. 12-3143

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jonathan D. Morrison, brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) partially denying his claims for a period of disability and disability insurance

benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI

of the Social Security Act (Act). In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

## I.    Procedural Background:

Plaintiff filed his applications for DIB and SSI on September 14, 2009, alleging an

inability to work since September 2, 2009, due to "ADHD - rt ankle broken, left femur and arm

broken from recent car accident." (Tr. 124-125, 131-133, 141, 174).  An administrative hearing

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

was held on June 16, 2011, at which Plaintiff appeared with counsel, and he and his parents testified. (Tr. 23-57).

By written decision dated August 9, 2011, the ALJ found that from September 2, 2009 through June 16, 2011, Plaintiff had the following severe impairments: status post fracture of left femur, left humerus, right ankle; attention deficit hyperactivity disorder and bipolar disorder. (Tr. 12). However, the ALJ found that from September 2, 2009 through June 16, 2011, the period during which Plaintiff was disabled, Plaintiff did not have an impairment or combination of impairments that met or equaled the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ also found that from September 2, 2009 through June 16, 2011, Plaintiff lacked the residual functional capacity (RFC) to perform sedentary work. (Tr. 14).  The ALJ concluded that from September 2, 2009 through June 16, 2011, Plaintiff was under a disability. (Tr. 16).

In the same decision, the ALJ found that beginning on June 17, 2011, Plaintiff has had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). However, he is restricted to no frequent bending, crouching, or climbing. He needs to alternate between sitting and standing on an occasional basis, and no frequent overhead reaching. Mentally, he is restricted to semi-skilled work.
>
> Light work is lifting and carrying no more than 20 pounds at time with frequent lifting and carrying of up to 10 pounds and performing activities that require a good deal of walking or standing (6/8). Semi-skilled work is work [sic] interpersonal contact is routine but superficial, the complexity of tasks is learned by experience, involves several variables, used [sic] judgment within limits, and the supervision required is little for routine, but detailed for non-routine.

(Tr. 17).   With the help of a vocational expert (VE), the ALJ determined that since June 17,

-2-

2011, Plaintiff did not have past relevant work, but would be able to perform jobs such as factory inspector and factory assembler. (Tr. 21).   Therefore, the ALJ concluded that Plaintiff's disability ended on June 17, 2011. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 4, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. Both parties have filed briefs and this case is before the undersigned for report and recommendation. (Docs. 10, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ''s decision. The Court will summarize the relevant medical evidence during the time period in question.

## II.   Evidence Presented:

Plaintiff was born in 1989 and completed grade twelve. (Tr. 141, 179).  On September 2, 2009, Plaintiff was involved in a motor vehicle accident (MVA), and as a result, fractured his femur, ankle and humerus. (Tr. 298).  Prior to that, the medical records reflect that earlier in Plaintiff's life, as early as 2001, he was diagnosed with different mental impairments, such as ADHD (attention deficit hyperactive disorder), bipolar disorder, adjustment disorder, intermittent explosive disorder, and borderline personality disorder. (Tr. 452, 456, 463, 469, 472, 490).

Surgery was performed on Plaintiff's injuries which he sustained from the MVA, and Plaintiff filed his applications for DIB and SSI on September 14, 2009, twelve days after the incident. (Tr. 124-125, 131- 133).  Plaintiff was discharged from the hospital on September 17, 2009. (Tr. 312).

On November 4, 2009, Plaintiff reportedly denied any significant pain in any of the

-3-

affected joints. (Tr. 504).

On November 5, 2009, a Psychiatric Review Technique report was completed by non-examining consultant, Dr. Kay M. Gale, who found there was no medically determinable impairment. (Tr. 360). Dr. Gale noted that prior to the MVA, Plaintiff was highly functional, reporting that he fished and hunted and rode a four-wheeler and worked, and that there was no documentation of a medically determinable impairment at that time. (Tr. 372).

On December 23, 2009, a Physical RFC Assessment was completed by non-examining consultant Dr. Bill F. Payne. (Tr. 341-348).  Dr. Payne concluded that Plaintiff would be able to perform light work, and noted that Plaintiff was stable after surgery and discharged home. (Tr. 348). He concluded that Plaintiff's "functioning is significantly limited. Projected to Light RFC." (Tr. 348).

After presenting himself for follow-ups from surgery, on February 15, 2010, Plaintiff's hardware was removed from his left femur and right ankle. (Tr. 512).   On February 24, 2010, Plaintiff reported that he had not had a lot of pain and actually after removal of the screw from the knee, the discomfort had improved significantly, particularly with trying to bend his knee. (Tr. 494). He was able to extend the knee fully, flex the knee comfortably to 100 degrees, and the patella tracked centrally. (Tr. 494). He had good collateral ligament stability of the right ankle, there was no tenderness noted to palpation over the incision site, and he tolerated gentle ankle motion without any particular pain or discomfort. (Tr. 494). At that time, the doctor gave Plaintiff permission to discontinue the use of his pneumatic walker. (Tr.494).

On March 17, 2010 and March 18, 2010, Dr. Winston Brown and Dr. Jim Takach

-4-

affirmed the findings of Dr. Kay M. Gale and Dr. Bill F. Payne, respectively.[2] (Tr. 378, 381).

On August 19, 2010 Dr. Vann Smith, Ph.D., ACFE, ABOS, AAPM, conducted a neuropsychological evaluation. (Tr. 382-385). Dr. Smith diagnosed Plaintiff with cognitive disorder, non-psychotic, secondary to general medical conditions: traumatic brain injury, multiple, with Grade III concussion, per patient history, and chronic, poorly controlled, non-psychogenic, pain disorder. (Tr. 385). Dr. Smith also completed a Mental RFC Questionnaire, noting, inter alia, that Plaintiff would miss more than four days of work per month. (Tr. 389).

Plaintiff completed a questionnaire from his attorney on June 14, 2011, and reported that he was not taking any medications at that time because he had no way to pay for them or a doctor. (Tr. 279). He also reported that daily he drove, cooked, watched children, watched television, talked on the phone/slept/stayed in bed, groomed himself, and visited relatives. (Tr. 286).

**III.    Applicable Law[3]:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.

---

[2]The Court notes that Dr. Takach's report refers to Dr. Payne's assessment as dated 10/23/09, when, in fact, it is dated 12/23/09. This is clearly a clerical error, as no assessment dated 10/23/09 is in the record.

[3]The Court recognizes the ALJ utilized the eight-step evaluation process for determining continuing disability. (Tr. 10,11). However, it was not necessary to do so, as when in a single proceeding, the fact of disability, the extent of the disability, and the duration of the disability are all determined, the case is not a medical improvement case. Reynolds v. Astrue, No. 4:07CV00611 WRW, 2008 WL 4966767 at n.3 (E.D.Ark. Nov. 21, 2008), citing Camp v. Heckler, 780 F.2d 721, 721-722 (8th Cir. 1986).

3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national

AO72A
(Rev. 8/82)

economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138,

1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## IV.   Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ's determination of Plaintiff's

RFC based on medical improvement as of June 17, 2011 is not supported by substantial

evidence; and 2) If the ALJ's decision denying benefits was not supported by substantial

evidence, the case must be reversed or remanded. (Doc. 10).

### A.    RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical

records, observations of treating physicians and others, and the claimant's own descriptions of

his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v.

Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain

are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of

Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a

medical question."  Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's

determination concerning a claimant's RFC must be supported by medical evidence that

addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642,

646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's

limitations and to determine how those limitations affect his RFC."  Id.

AO72A
(Rev. 8/82)

The ALJ concluded that beginning on June 17, 2011, the day after the hearing was held before the ALJ, Plaintiff had the RFC to perform light work with certain limitations. (Tr. 17). The ALJ considered the medical evidence, and noted that Plaintiff described being able to perform greater work-related activities as of June 17, 2011, than he was able to perform before. (Tr. 19). The ALJ recognized the injuries sustained from the MVA and the surgeries performed as a result thereof. (Tr. 19). He also noted that the last orthopedic treatment Plaintiff received was on February 2010. (Tr. 19). He further reported that Plaintiff was not on any prescription pain medication for pain, which was confirmed by Plaintiff at the hearing. (Tr. 19, 43). Plaintiff testified that the reason he was not taking any medication was because he did not have any insurance and could not afford anything. (Tr. 43). However, as noted by the ALJ, there is no evidence to show that the Plaintiff ever sought treatment and/or care from any of several income-based, means-tested clinics and medical dispensaries known to be available throughout the State of Arkansas. (Tr. 19). Nor is there any evidence indicating that Plaintiff has ever been threatened with a discontinuation of care or denial of care because of an inability to pay. In addition, Plaintiff continued to smoke ½ pack of cigarettes per day throughout the relevant time period. (Tr. 307, 382).

The ALJ considered Plaintiff's testimony, as well as the testimony of his parents. (Tr. 18-19). He found Plaintiff's testimony to not be credible to the extent it was inconsistent with the RFC assessment, and he found Plaintiff's parents' testimony not to be entirely persuasive. (Tr. 19). The ALJ reported that Plaintiff's history of ADHD and bipolar disorder did not prevent him from working (although not at substantial gainful activity), hunting, and riding four-wheelers prior to his MVA, which he believed strongly suggested it would not currently prevent work. (Tr.

-8-

19).  The ALJ gave Dr. Vann Smith's opinion little weight and carefully explained why. (Tr. 20). He also gave some weight to the 3rd Party Correspondence of Kathy L. Barnes, and accorded evidentiary weight to the administrative findings of fact made by the State agency non-examining medical physicians. (Tr. 20).

Based upon the foregoing, as well as the reasons given in Defendant's well-stated brief, the Court believes there is substantial evidence to support the ALJ's RFC finding and the weight he gave the physician's opinion as well as testimony of others with respect to the time period beginning on June 17, 2011.

Plaintiff also argues that this position could also be framed as a failure to develop the record, stating that this did not occur as there was no psychiatric or orthopedic/physical examination at any time recent to the date of the decision that served to confirm the ALJ's findings.

The ALJ has a duty to fully and fairly develop the record.  See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995);  Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  This is particularly true when Plaintiff is not represented by counsel.  Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994).  This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary.  See 20 C.F.R. § 404.1512.  The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010).  However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record.  See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").  "The regulations do not require

AO72A
(Rev. 8/82)

the Secretary or the ALJ to order a consultative evaluation of every alleged impairment.  They

simply grant the ALJ the authority to do so if the existing medical sources do not contain

sufficient evidence to make a determination."   <u>Matthews v. Bowen</u>, 879 F.2d 423, 424 (8th Cir.

989).

Plaintiff had the burden of proving his disability and bore the responsibility of presenting

the strongest case possible.  <u>Reynolds</u>, 2008 WL 4966767 at *4, citing <u>Thomas v. Sullivan</u>, 928

F.2d 255, 260 (8th Cir. 1991).  "Plaintiff bears a heavy burden in showing the record has been

inadequately developed; he must show both a failure to develop necessary evidence and

unfairness or prejudice from that failure." <u>Id.</u>

The Court is of the opinion that the existing medical sources contain sufficient evidence

for the ALJ to make a determination, and that there is substantial evidence to support the fact that

the ALJ fully developed the record.  As noted by Defendant, the fact that Plaintiff did not seek

treatment or undergo any examinations around the time the ALJ issued his decision speaks to the

non-disabling nature of Plaintiff's impairments, and not to any failure on the part of the ALJ to

develop the record. (Doc. 12 at p. 15).  There was an absence of evidence indicating ongoing

treatment for Plaintiff's physical impairments since February 2010, and an absence of evidence

of any treatment for mental impairments during the relevant period.

Based upon the foregoing, the Court believes there is substantial evidence to support the

fact that the ALJ sufficiently developed the record.

The Court believes there is substantial evidence to support the ALJ's conclusion that

Plaintiff was disabled from September 2, 2009 through June 16, 2011, and that beginning on

June 17, 2011, Plaintiff's disability ended.

-10-

**IV.     Conclusion:**

Accordingly, the Court recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice.  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of January, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-11-